IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENENE PROBST MILES,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Civil No. 2:19-CV-97-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff Genene Probst Miles's Motion to Strike Defendant's Notice of Intent to Allocate Fault to Strategic Aviation Services [ECF No. 38]. The motion is fully briefed. Because the court concludes that oral argument on the motion would not significantly aid the court in its determination of the motion, the court issues the following Memorandum Decision and Order based on the parties' briefing and the law and facts relevant to the motion.

This District's Local Rule DUCivR 9-1 provides that "[a]ny party that seeks to allocate fault to a nonparty pursuant to Utah Code Annotated § 78B-5-818 must file: (1) A description of the factual and legal basis on which fault can be allocated; and (2) Information known or reasonably available to the party that identifies the non-party." DUCivR 9-1(a). The information required to be provided in the notice "must be provided in the party's responsive pleading if known to the party. Alternatively, it must be included in a supplemental notice filed within a reasonable time after the party discovers the factual and legal basis on which fault can be allocated." *Id.* 9-1(b).

In this case, Plaintiff argues that Defendant's notice was untimely and not sufficient legally or factually. Defendant did not provide notice of its intent to allocate fault to a nonparty in its Answer or Initial Disclosures. However, Defendant claims that it did not learn of the factual predicate for the notice until it deposed the pilot of the aircraft on which the accident occurred. It then filed its notice on December 4, 2020, three weeks after the pilot's deposition.

Plaintiff contends that Defendant's filing was untimely because Defendant would have known that it had a contractual arrangement with the nonparty at the time of its Answer and Initial Disclosures. However, the presence of a contractual arrangement with another company to provide assistance to passengers does not form a basis for fault unless the party knows that the other company actually assisted the passenger at issue. Defendant did not have any factual information that the other company provided assistance to the passenger until the pilot testified that the other company was helping the passenger with a wheelchair.

Plaintiff argues that the pilot's testimony is based on hearsay and second-hand knowledge about the accident and facts leading up to the accident (i.e. whether the passenger was being assisted to the aircraft). Because Plaintiff claims that the pilot's testimony would be inadmissible, Plaintiff contends the court should disregard it. However, for purposes of whether the notice of intent to allocate fault to a nonparty is timely, the fact that the pilot was the first person to mention the involvement of another company is relevant. Defendant had no factual basis for considering the allocation of fault to another party until it knew that the other party was potentially involved. Defendant filed the notice soon after it obtained the necessary factual basis for the notice. Moreover, at the time Defendant filed the notice, there was still six months of discovery remaining. Therefore, the court deems the notice timely filed.

With respect to the factual and legal sufficiency of the notice, Defendant asserts that its notice provided Defendant with the name of the company, the legal contract between the parties to provide passenger assistance, and the pilot's testimony that the company did in fact assist the passenger. Plaintiff takes issue with the admissibility of the pilot's deposition testimony, but this challenge does not appear to be properly asserted in a motion to strike prior to the close of discovery. Plaintiff could have conducted discovery as to the basis for potential liability of the nonparty. Plaintiff's attempt to merely strike the notice appears to be at odds with the notion that these notices should be filed as soon as possible. If the notice has to be filed as soon as there is any kind of basis for the notice, the sufficiency standard must be fairly lenient. The court is not in a position to rule on the admissibility of the parties' evidence at this stage of the litigation. Rather than dispute the evidence in support of the notice, the parties should have engaged in further discovery relating to the notice and whether there was evidence corroborating the pilot's testimony.[1] Six months of discovery remained when the notice was filed.

The court finds no grounds for striking the notice of intent to allocate fault. However, the court will grant the parties three months of additional discovery time to investigate the basis for the notice. If there are grounds for striking the notice of intent to allocate fault at the close of that discovery, Plaintiff can raise the issue in a motion for summary judgment or motion in limine. Accordingly, Plaintiff's Motion to Strike [ECF No. 38] is DENIED.

DATED this 7th day of July, 2021.

BY THE COURT:

Dale A. Kimball
United States District Judge

---

[1] The parties dispute the substance of the pilot's testimony, but it is clear that he believed a nonparty service assisted the passenger. He refers to the service several times.